UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BRENDA WHITLEY as Mother and
Next Friend of JOHN DOE,
A Minor

    Plaintiff,
vs.

CARNIVAL CORP., d/b/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, BRENDA WHITLEY, As Mother and Next Friend of JOHN DOE, A Minor, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC. and further states as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff, BRENDA WHITLEY on behalf of JOHN DOE, is *sui juris*, and a citizen and resident of the state of Texas.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. At all times material Defendant CARNIVAL CORPORATION does business under the fictitious name of CARNIVAL CRUISE LINES, INC. For jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C.

- 2 -

1332, as alleged above, because there is complete diversity of citizenship between the parties and the amount of damages claimed exceeds $75,000.00 which is the minimum jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

## GENERAL ALLEGATIONS

9. Plaintiff has complied with all conditions precedent to bringing this action.

10. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about June 5, 2018, the minor Plaintiff was injured aboard Defendant's cruise ship CARNIVAL BREEZE as a result of a wet and unreasonably slippery passenger deck.

12. On the aforesaid date, Defendant owned and/or operated the CARNIVAL BREEZE.

## COUNT ONE-NEGLIGENT MAINTAINANCE OF THE DECK

13. Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

14. On the aforesaid date, the minor Plaintiff had gone to a water slide area and was playing tag with other children at the base of the water slide area.

15. The area at the base of the waterslide area was wet.

16. The Defendant failed to exercise reasonable care in the circumstances by failing to dry the deck even though it had ample and sufficient time to do so and in failing to adequately supervise children playing in that area.

17. The deck at the base of the water slide area was made unreasonably slippery by the presence of water on the floor and the fact that the floor did not have a non-slip surface and was unreasonably slippery when wet.

18. On or about the aforesaid date, the minor Plaintiff suffered serious personal injury while he was aboard CARNIVAL BREEZE by reason of an unreasonably dangerous and unreasonably slippery when wet deck surface at the base of the water slide. In addition, there were sharp metal objects in the area as well and there was no supervision of children playing in the area.

19. The floor or deck was unreasonably slippery because it was wet and/or because Defendant knew or should have known through the exercise of reasonable care in the circumstances that the floor in the area where Plaintiff slipped and fell was unreasonably slippery and dangerous when wet. In addition, Defendant knows that children sometimes play on these surfaces and Defendant should have supervised the area so that children like the minor Plaintiff would not be injured playing in the area.

20. The wetness came from passengers in wet bathing suits and from the water feature itself. The wetness of the deck and the children playing in the area existed for a sufficient length of time for Defendant to be on constructive notice of both the condition of the deck and

the fact that children were playing on the wet surface.

21. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to properly maintain a floor on a passenger deck in a reasonably safe, dry and non-slippery condition, and/or;

   b. Failing to properly and safely employees to supervise children playing on a wet surface, and/or;

   c. Failing to warn Plaintiff of an unreasonably wet and/or slippery floor, and/or;

   d. Allowing sharp objects in an area where children were playing, and/or;

   e. Creating an attractive nuisance by permitting children to play on a wet and unreasonably slippery deck surface, and/or;

22. At all times material, the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant should have had actual knowledge of the dangerous conditions hereinbefore alleged in paragraphs eighteen through twenty-one to have caused or contributed to causing Plaintiff's injury.

23. As a result of the foregoing, the Plaintiff was seriously injured when he was caused to slip and fall. The Plaintiff was unaware that the floor was unreasonably and dangerously slippery when wet.

24. At all times material hereto, the Plaintiff acted with reasonable care for his own safety.

25. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the

ability to enjoy life; suffered an aggravation of known and/or unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a scarring and disfigurement.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

DATED this 26th day of February, 2019.

        HOFFMAN LAW FIRM
        PAUL M. HOFFMAN, ESQ.
        2881 East Oakland Park Boulevard
        Fort Lauderdale, FL 33306
        Telephone: (954) 707-5040

        */s//Paul M. Hoffman, Esq.*
        PAUL M. HOFFMAN
        Florida Bar No:   0279897